**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 12, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 12, 2008**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-11348 |
| | ) | |
| JUSTIN COWNDEN, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding No. 08-1105 |
| JUSTIN COWNDEN, | ) | |
|     Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| SALLIE MAE SERVICING L.P., | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

    The plaintiff, Justin Cownden, filed this adversary proceeding seeking a partial discharge of a Sallie Mae spousal consolidation SMART loan, with a total balance of approximately $168,000. Cownden argues that the SMART loan is not governed by section 523(a)(8) because he received no educational benefit from his

---

[1] This opinion is not intended for official publication.

ex-spouse's portion of the loan, and therefore, pursuant to the Court's equitable power found in 11 U.S.C. § 105, the Court may grant a partial discharge of the consolidated loan in the amount of the ex-spouse's portion, approximately $73,000. For the reasons that follow, the Court finds that Cownden's consolidated loan obligation, including the portion attributable to his ex-spouse's student loans, remains a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(8). As Cownden does not assert that his circumstances establish "undue hardship" under the *Brunner* test adopted by the Sixth Circuit for a dischargeability determination under section 523(a)(8), the Court grants the defendant's motion for summary judgment.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not in dispute. The plaintiff, Justin Cownden, was married on July 3, 1999. On October 30, 2000, Cownden and his then wife, Lisa Cownden, signed a promissory note for a Sallie Mae SMART Loan, consolidating

2

nineteen Stafford Student Loans. Of the nineteen loans consolidated under the agreement, fourteen of the loans were owed by Cownden, and five of the loans were owed by his ex-spouse. At the time of consolidation, Cownden owed $83,319.80, and his ex-spouse owed $73,214.38. On June 1, 2001, a petition for dissolution of the couple's marriage was filed in the Cuyahoga County Court of Common Pleas. The outstanding total balance currently owed on the consolidated loan is approximately $168,000.

On February 29, 2008, Cownden filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On October 15, 2008, Cownden's case was converted to a case under Chapter 7. On March 31, 2008, Cownden filed this adversary proceeding against Sallie Mae Servicing L.P. ("Sallie Mae"), seeking a partial discharge of the spousal consolidation SMART loan pursuant to 11 U.S.C. §§ 105 and 523(a)(8). On May 9, 2008, Sallie Mae filed its answer to Cownden's complaint. On August 8, 2008, defendant Sallie Mae filed a motion for summary judgment asserting that there is no genuine issue as to any material fact and that Sallie Mae is entitled to judgment as a matter of law. Cownden filed a response in opposition on August 26, 2008, and the Court is now ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy

3

proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993) (same).

## DISCUSSION

Cownden seeks a partial discharge of a spousal consolidation SMART loan under 11 U.S.C. §§ 105 and 523(a)(8). Cownden's complaint does not allege facts that would constitute an "undue hardship" within the meaning of section 523(a)(8). *See generally Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (factual allegations must be enough to raise a right to relief above the speculative level). Nor does Cownden seek a discharge of the portion of the consolidated student loan debt attributable to his own educational loans. Rather, Cownden asserts that his obligation, under a consolidated loan, to pay his ex-spouse's student loans, should be discharged on various equitable grounds, including the fact that he received no educational benefit from his ex-spouse's share of the consolidated student loan debt. The defendant, Sallie Mae, argues

5

that, regardless of whether Cownden is requesting a full or partial discharge, an educational loan is nondischargeable, absent a showing of undue hardship, even if the debtor is a co-obligor who received no educational benefit from the loan.

<u>Cownden's Obligation to Pay His Ex-Spouse's Portion of their Consolidated Student Loan is an Educational Loan within the Meaning of Section 523(a)(8)</u>

11 U.S.C. § 523(a)(8) excepts an educational loan from discharge, unless repayment of the loan will impose an undue hardship on the debtor. "A major purpose for enacting this section was to preserve the financial integrity of educational loan programs by limiting circumstances in which such obligations can be discharged in bankruptcy." *In re Dull*, 144 B.R. 370, 372 (Bankr. N.D. Ohio 1992); *see also In re Merchant*, 958 F.2d 738, 742 (6th Cir. 1992) ("Congress enacted 11 U.S.C. § 523(a)(8) in an effort to prevent abuse in and protect the solvency of the educational loan programs."). The language of section 523(a)(8) was broadened by the 2005 amendments to include any qualified educational loan as defined by the Internal Revenue Code of 1986, in addition to educational loans "made, insured, or guaranteed by a governmental unit." By increasing the types of loans to which section 523(a)(8) applies, Congress has made an effort to further protect the solvency of educational loan programs by making it more difficult to obtain a discharge on student loans. *See In re Votruba*, 310 B.R. 698, 702 (Bankr.

N.D. Ohio 2004).

It is unclear whether Cownden is asserting that his obligation to pay his ex-spouse's portion of the consolidated loan does not constitute an "educational loan" within the meaning of section 523(a)(8). *See Hiatt v. Ind. State Student Assistance Comm'n*, 36 F.3d 21, 24 (7th Cir. 1994) (finding that a consolidation loan "is in fact a second government guaranteed student loan debt"). If this portion of the debt were not an educational loan subject to section 523(a)(8) because Cownden did not receive an educational benefit, then the debt would be discharged under section 727. However, the great majority of courts that have addressed the issue have concluded that section 523(a)(8) applies regardless of whether the obligor personally receives the educational benefit - for example, parents of students.

It appears that every bankruptcy court in the circuit to consider the issue of a non-student *sole-obligor* in a published opinion has found that section 523(a)(8) prevents discharge of the educational loan unless the debtor can show undue hardship. *See, e.g., In re Votruba*, 310 B.R. at 704 (collecting cases in this circuit and others); *In re Uterhark*, 185 B.R. 39 (Bankr. N.D. Ohio 1995); *In re Hawkins*, 139 B.R. 651 (Bankr. N.D. Ohio 1991). However, there is a split of authority among bankruptcy courts within the circuit regarding the dischargeability of student loans of a non-student *co-obligor*. The majority of courts in this circuit,

7

and in other circuits, have concluded that section 523(a)(8) applies with equal force to the educational loans of a non-student co-obligor, as to those loans incurred directly by a student borrower. *See, e.g., In re Wilcox*, 265 B.R. 864 (Bankr. N.D. Ohio 2001); *In re Ford*, 151 B.R. 135 (Bankr. M.D. Tenn. 1993); *In re Dull*, 144 B.R. 370 (Bankr. N.D. Ohio 1992); *In re Taylor*, 95 B.R. 550 (Bankr. E.D. Tenn. 1989); *accord In re Wells*, 380 B.R. 652, 658 (Bankr. N.D. N.Y. 2007) (collecting cases from other jurisdictions which also find that the majority of courts have concluded that an educational loan of a non-student co-obligor is excepted from discharge under section 523(a)(8)). However, some courts have held that section 523(a)(8) includes only those loans incurred by a student for his or her own education, and therefore, the debt of a non-student co-obligor is dischargeable without a showing of undue hardship. *See, e.g., In re Pryor*, 234 B.R. 716 (Bankr. W.D. Tenn. 1999); *In re Kirkish*, 144 B.R. 367 (Bankr. W.D. Mich. 1992); *In re Boylen*, 29 B.R. 924 (Bankr. N.D. Ohio 1983). The Sixth Circuit has not ruled on this issue. However, the Third Circuit held in *In re Pelkowski*, 990 F.2d 737, 745 (3rd Cir. 1993), that section 523(a)(8) precludes the discharge of educational loans of both student borrowers and non-student co-obligors.

    The Court agrees with the Third Circuit, and the majority of bankruptcy courts holding that educational loans are nondischargeable under 523(a)(8) even if

the debtor is a non-student co-obligor. A broad reading of section 523(a)(8) supports the important legislative goal of protecting the solvency of educational loan programs and furthers Congress' intent to make it more difficult to obtain a discharge of student loans. Accordingly, section 523(a)(8) governs the dischargeability of Cownden's obligation to pay his ex-spouse's portion of their consolidated student loan. Under 523(a)(8), Cownden must meet the requirements for a hardship discharge in order to have his consolidated student loan debt discharged in the Chapter 7 proceeding.

### The Sixth Circuit's Holding in *Miller* Precludes this Court from Considering Cownden's Equitable Arguments for Discharging his Ex-Spouse's Share of their Consolidated Loan Debt. Rather, under *Miller* and *Oyler* this Court Must Apply the *Brunner* Test to Determine whether such Debt Constitutes an "Undue Hardship" under Section 523(a)(8)

Cownden argues that he is entitled to a partial discharge of the consolidated student loan debt based on the Court's equitable power found in section 105, notwithstanding the requirements in section 523(a)(8). The Court need not dwell long on Cownden's equitable arguments in favor of discharging his ex-spouse's share of their consolidated student loan debt. Rather, whatever the merits of these equitable arguments, the Court is duty-bound to follow the holding of the Sixth Circuit in *Miller*, which held that equitable arguments under section 105 cannot replace the "undue hardship" requirement for discharge of student loan debts under

9

section 523(a)(8). *See In re Miller*, 377 F.3d 616, 622 (6th Cir. 2004) ("the requirement of undue hardship must always apply to the discharge of student loans in bankruptcy"). Therefore, even though the debtor is not seeking a full discharge of the consolidated loan, the debtor must prove that excepting his ex-spouse's portion of the debt from discharge will impose an undue hardship under section 523(a)(8).

The Bankruptcy Code does not define "undue hardship." Therefore, courts have developed various tests to determine whether "undue hardship" exists. In *Oyler v. Educational Credit Management Corp. (In re Oyler)*, 397 F.3d 382 (6th Cir. 2005), the Sixth Circuit joined at least seven other circuits that have formally adopted the *Brunner* test, named after the case of *Brunner v. New York State Higher Education Service Corp.*, 831 F.2d 395 (2d Cir. 1987). *See generally In re Grove*, 323 B.R. 216 (Bankr. N.D. Ohio 2005) (discussing applicable case law). Under the *Brunner* test, a debtor must establish the following three elements in order to have a student loan discharged on the basis of "undue hardship" under section 523(a)(8):

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith

10

efforts to repay the loans.

831 F.2d at 396. Therefore, in order to have the student loan debt discharged, Cownden must establish, by a preponderance of the evidence, that each of the elements from the *Brunner* test has been met. *See*, *e.g.*, *Flores v. U.S. Dept. of Education (In re Flores)*, 282 B.R. 847, 853 (Bankr. N.D. Ohio 2002). As Cownden does not assert that his circumstances establish "undue hardship" under the *Brunner* test adopted by the Sixth Circuit for dischargeability determination under section 523(a)(8), the Court grants the defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Cownden's consolidated loan obligation, including the portion stemming from his ex-spouse's student loans, remains a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(8), and defendant's motion for summary judgment is granted.

IT IS SO ORDERED.